1:CV 00-2061

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CIVIL ACTION NO. _____

VICTOR GONZALES,
Petitioner,

vs.

BEN VARNER, Superintendent of
SCI-Dallas, and, the
PENNSYLVANIA BOARD OF
PROBATION AND PAROLE,
Respondents.

PETITION FOR WRIT OF HABEAS CORPUS
Pursuant to 28 U.S.C. §2241

RECEIVED NOV 24 2000 PER HARRISBURG, PA DEPUTY CLERK

**COMES NOW**, Victor Gonzales, the pro se Petitioner of the above-captioned matter, and respectfully request a Writ of Habeas Corpus under 28 U.S.C. §2241. And, in support thereof, petitioner respectfully represents:

### I. Statement of Jurisdiction

1. This is a petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. This statute and section is the appropriate and proper remedy for the underlying complaints set forth below. See, McCoy v. Draggovich, 1998 U.S. Dist. LEXUS 14620, at *1 (E.D. Pa. Sept. 17, 1998)(state prisoner's habeas petition challenging denial of parole properly brought under section 2241); George v. Vaughn, 1998 U.S. Dist. LEXUS 5491, at *3 (E.D. Pa. April 21, 1998)(same); Bradley v. Dragovich, 1998 U.S. Dist. LEXUS 4233, at *1 n.1 (E.D. Pa. March 27, 1998)(same); see also Iseley v. Vaughn, 1997 U.S. App. LEXUS 11246 (3rd Cir. FEb. 20, 1997).

### II. Exhaustion of State Court Remedies

2. Although Pennsylvania State Law creates a remedy at

- 1 -

mandamus to review the "type" of complaints petitioner presents, on September 8, 2000 the Commonwealth Court of Pennsylvania issues a <u>Per Curiam</u> Order which held:

> NOW, September 8, 2000, it appearing that petitioner seeks by way of mandamus to be paroled, and that decision as to whether to grant parole is discretionary, <u>See Reider v. Pennsylvania Board of Probation and Parole</u>, 514 A.2d 967 (Pa. Cwlth. 1986), and therefore, not subject to mandamus in our original jurisdiction, the petition for review is dismissed.

<u>Cf.</u>, <u>Rogers v. Pennsylvania Board of Probation and Parole</u>, 724 A.2d 319, 321, n. 5 (Pa. 1999).

### III. Factual Allegations

3. As the following facts demonstrate, although the plaintiff has produced credible, reliable and truthful evidence from a Chemical Laboratory supporting the fact that, while on parole petitioner <u>did</u> <u>not</u> ingest a control substance in violation of the Pennsylvania Board of Probation and Parole (PBPP) rules and regulations, respondents refuses to receive said evidence as means of "correcting" a clearly false positive urinalysis of which respondents rely on the deny petitioner of his liberty.

4. On April 30, 1998, the petitioner was charged by his parole agent of submitting a urine sample that tested positive for a controlled substance in violation of Technical Parole Condition #5A.

5. The findings were contrary to, and inconsistent with the PBPP standard policy practice requiring a written affidavit or, some document indicative of material proof that a doctor or lab technician in fact conducted a study of the urine sample in question.

6. On or about May 15, 1998, petitioner was given permission by a PBPP hearing examiner to take a DNA test for the purpose

of corroborating petitioner defense of innocence of using a controlled substance. Petitioner defended that the "false positive" resulted from his eating poppy bread, un-be-knowing it would result in his being suspected of using drugs.

7. On May 28, 1998, hair samples were removed from petitioner's head by a non-interest, third party selected by the PBPP, but such services were paid for by petitioner. After submitting the hair samples, they were sent to Clinical Laboratories Inc.

8. On June 15, 1998, the hair sample/DNA test results revealed that the two (2) centimeters of hair disclosed that the suspect controlled substance was in fact a food product and, the rages for each narcotics tested zero.

9. Notwithstanding, on July 10, 1998, the PBPP rendered a decision violating petitioner for five (5) months backtime for violation of Condition #5A, Use of Drugs.

10. That finding relied on known false and misleading information and, ignored the DNA Clinical Laboratories Inc., scientific findings which exonerated petitioner of that charge.

11. Respondent Ben Varner and, his predecessor have refused to afford petitioner a favorable recommendation for re-parole, although petitioner have provided them with sufficient documentary evidence, to wit: the Clinical Laboratories Inc., findings in supporting petitioners innocence of the charge he used drugs which on parole.

12. Moreover, respondent PBPP refuses to grant petitioner's various applications for reparole on Nov. 17, 1998; July 24, 1999 and Sept. 28, 2000.

- 3 -

13. Petitioner's continual confinement resulting from respondents refusal to grant a favor recommendation and parole is manifestly excessive a beyond the permissible presumptive range governing PBPP practices.

14. While petitioner has no recognized constitutional right to parole, he is however entitled to procedural due process of law and equal protection of law which protects him from being refused parole, for the reasons mentioned above, through the use of a knowing false and misleading report.

**WHEREFORE,** for the foregoing reasons petitioner requests a writ of habeas corpus be issues upon the respondents commanding them to release petitioner on parole.

                    Respectfully submitted,

                    Victor Gonzales,
                    <u>Pro</u> <u>Se</u> Petitioner

## V E R I F I C A T I O N

I, Victor Gonzales, hereby verifies and declares pursuant to penalty of perjury under Title 18 Pa. C.S. §4904 that:

1. I have brought this action in good faith.

2. The foregoing is true and correct to the best of my knowledge, information and belief.

Dated: November 15th 2000

                    Victor Gonzales, affiant
                    SCI-Dallas, AY-1650
                    1000 Follies Road
                    Dallas, PA    18612