IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| VICTOR GONZALES, | : | | |
| | : | | |
| V. | : | No. 1:CV-00-2061 | FILED<br>HARRISBURG, PA |
| | : | | |
| BENJAMIN VARNER, ET AL. | : | (JUDGE RAMBO) | DEC 26 2000 |
| | : | | MARY E. D'ANDREA, CLERK<br>Per _____ Deputy Clerk |

## ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

Respondents, through their counsel, hereby respond to the Petition for Writ of Habeas Corpus as follows:

1. Victor Gonzales was granted parole by the Pennsylvania Board of Probation and Parole from a ten to twenty year sentence for Burglary and released from custody on February 23, 1998. See Exhibits 1-2.

2. As a condition of his parole, Gonzales submitted a sample for urinalysis testing on April 15, 1998. See Exhibits 2-3, 5, 7.

3. The sample tested positive for opiates. See Exhibits 5, 7.

4. Gonzales was arrested on April 30, 1998 on a Parole Board Warrant to commit and detain him based upon the positive test result. See Exhibits 3-4.

5. Gonzales was provided a hearing on the parole revocation on June 17, 1998 at the Lehigh County Prison. See Exhibit 10.

6. At the Hearing, Gonzales was represented by counsel. See Exhibit 6.

7. Conzales had the opportunity to have the hearing conducted by a panel of Board

members but waived that right and agreed to have the hearing held by a hearing examiner. See Exhibit 6.

8. During the parole revocation hearing, Parole Agent Denton testified and entered into evidence the record of a urinalysis report indicating that on April 15, 1998, Gonzales rendered a urine sample positive for opiates. The sample had been retested and confirmed by gas chromatography. The Parole Agent also testified that a representative of the Board approved lab, Scientific Testing, had informed him that eating poppy seeds would not have produced a positive sample. The Parole Agent further testified that Department of Corrections records indicate that Gonzales had previously reported use of amphetamines. See Exhibit 10.

9. Gonzales also testified at the hearing and claimed to have not used drugs of any type. He testified that he had eaten poppy-seed bread at Easter dinner. See Exhibit 10.

10. Gonzales' counsel produced evidence from a hair sample analysis from a two-centimeter sample obtained from Gonzales on May 28, 1998 and processed by the American Medical Laboratories which did not detect the presence of opiates in Petitioner's hair. Counsel also presented argument about the effect of poppy seeds on urinalysis and other related arguments. See Exhibits 9-10. It is DENIED that the American Medical Laboratories report indicates that the time period covered was 60 days. It is further DENIED that the report indicated that a food product caused the positive urinalysis for opiates. Indeed, the Report is silent as to that matter.

11. It is specifically DENIED that Petitioner produced "credible, reliable and truthful evidence from which a chemical laboratory supporting the fact that, while on parole, petitioner did not ingest a control substance..." To the contrary, Petitioner produced evidence which was inconsistent with that of the Board's urinalysis testing result. The Hearing Examiner found the

Board's evidence more credible.

12. Following receipt of the evidence, the hearing examiner found a technical violation of parole based upon the testimony of the parole agent. See Exhibit 10.

13. The Board of Probation and Parole ordered Gonzales recommitted to a State Correctional Institution as a Technical Parole violator to serve 5 months backtime and to review him for re-parole in September 1998. Since that time, Gonzales has been reviewed for parole and denied parole three times. See Exhibits 11-14.

14. Gonzales sought administrative relief of the parole revocation in September 1998. The Board denied relief to Gonzales, stating that "Questions of resolving conflicts in the evidence, evaluating witness credibility and assessing evidentiary weight are within the discretion of the Board as the fact-finder. See Exhibits 15-16.

15. Gonzales did not appeal the denial of administrative relief.

16. On or about September 5, 2000, Gonzales filed a Petition for a Writ of Mandamus to the Pennsylvania Commonwealth Court seeking injunctive relief directing that Gonzales be paroled from custody. See Exhibit 17.

17. On September 8, 2000, the Commonwealth Court issued an Order denying the Petition on the bases that the decision to parole is discretionary and not subject to mandamus. See Exhibit 18.

18. Gonzales did not appeal the Commonwealth Court's decision to the Pennsylvania Supreme Court.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

BY: *R. Douglas Sherman*
**R. DOUGLAS SHERMAN**
**Senior Deputy Attorney General**

SUSAN J. FORNEY
Chief Deputy Attorney General
Litigation Section

Office of Attorney General
15th Fl., Strawberry Square
Harrisburg, PA 17120
(717) 787-1179
DATE: December 26, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR GONZALES,
          Plaintiff

v.

BENJAMIN VARNER, et al.,
          Defendants

Civil Action No. 1:CV-00-2061

### CERTIFICATE OF SERVICE

I, **R. Douglas Sherman**, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on **December 26, 2000**, I served a true and correct copy of the foregoing **Answer to Petition for Writ of Habeas Corpus**, by causing it to be deposited in the United States Mail, first-class postage prepaid to the following:

    **Victor Gonzales, AY-1650**
    **SCI - Dallas**
    **1000 Follies Road**
    **Dallas, PA 18612**

                                      **R. DOUGLAS SHERMAN**
                                      **Senior Deputy Attorney General**