2 Ct

⑥

12/27

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ORIGINAL

VICTOR GONZALES,                   :
                Plaintiff   :
                      :      Civil Action No. 1:CV-00-2061
   v.                             :
                      :
BENJAMIN VARNER, et al.,            :
            Defendants   :


## DOCUMENTS IN SUPPORT OF RESPONDENTS
## ANSWER IN OPPOSITION TO PETITION
## FOR WRIT OF HABEAS CORPUS

FILED
HARRISBURG, PA

DEC 2 6 2000

MARY E. D'ANDREA, CLER
Per _____
Deputy Clerk


Respectfully submitted,

D. MICHAEL FISHER
Attorney General

By:   R. DOUGLAS SHERMAN
      Senior Deputy Attorney General
      I.D. #50092

Office of Attorney General            SUSAN J. FORNEY
15th Fl., Strawberry Square           Chief Deputy Attorney General
Litigation Section                    Chief, Litigation Section
Harrisburg, PA  17120
(717) 787-1179                        COUNSEL FOR DEFENDANTS

Dated:  December 26, 2000

# EXHIBIT - 1

STD-501    12-67
(FORMERLY OA-501)

COMMONWEALTH OF PENNSYLVANIA

February 18, 1986

SUBJECT: Victor Gonzalez
SCID No. M-4656
Parole No. 6879-P

TO: Pennsylvania Board of Probation and Parole

FROM: William H. Traister
Director
Hearing Review Unit

On 8-23-85 client was arrested by the Philadelphia Police Department on
charges of Burglary, Criminal Trespass, Theft and RSP. John Morgan was
awakened by someone breaking through the rear door of his home. He hid,
and watched as client placed his belongings by the front door. When
client left the house, the victim called police and described client's
truck. A chase ensued, and client was finally stopped at Randolph and
Master Streets. The victim's television set was on the truck, and his
jewelry and credit cards were on client's person. He was lodged in the
Philadelphia Detention Center in lieu of $10,000 bond.

On 8-30-85 client received his Criminal Preliminary Hearing in the Phila-
delphia County Municipal Court before Judge Merriweather. A prima facie
case was established, and he was bound over for Common Pleas Court under
Indictment No. CP 85-09-0399. The Board action as recorded on 10-5-85
ordered client detained pending disposition of criminal charges.

On 1-24-86 client appeared in Philadelphia County Common Pleas Court, and
entered a plea of not guilty to Indictment No. CP 85-09-0399, Robbery;
No. 0400, Burglary, Theft by Unlawful Taking or Disposition, and Theft by
RSP, and No. 0401, Criminal Trespass and Defiant Trespass. Following a
trial by jury, client was found guilty as to Bill No. 0400, Burglary.
Sentencing was deferred by Judge McCrudden pending a pres-sentence inves-
tigation and psychiatric evaluation.

When contacted on 2-7-86, client requested a Full Board Revocation Hearing.
We are so listing him at the Philadelphia County Prison.

As a convicted parole violator, client owes 2 years, 3 months, 25 days, from
date of availability. He is technically unavailable for recommitment due to
deferred sentence status. Client has been convicted of Burglary, a firt de-
gree felony, with a presumptive range of 15 to 24 months.

DATE OF ARREST: 8-23-85
BOND POSTED: NO
DATE OF CRIMINAL PRELIMINARY HEARING: 8-30-85
DATE OF CONVICTION: 1-24-86
DATE FULL BOARD HEARING REQUESTED: 2-7-86
120 DAY DEADLINE (CPV): 5-24-86

WHT/be

EXHIBIT
1

# EXHIBIT - 2

Pennsylvania Board of Probation and Parole
PBPP-10(rev 3/88)

### ORDER TO RELEASE ON PAROLE/REPAROLE

The Pennsylvania Board of Probation and Parole hereby grants parole/reparole to
the prisoner named and on the sentences described below. It further ordered
that he/she be released on the date indicated below, subject to Board approval
of a satisfactory plan and to the Conditions Covering Parole/Reparole (PBPP-11
and upon condition that he/she commits no misconducts or crimes, and that no
evidence of past crimes or mental illness, previously undiscovered, comes to
light.

| Name of Prisoner | ParNo. | Inst.No. | Authorized Date of Release |
|---|---|---|---|
| VICTOR GONZALEZ | 6879P | AS1650 | 12-18-97 * |

Place of Confinement

STATE CORRECTIONAL INSTITUTION DALLAS

Date of Return
(Reparole Cases Only

| | County | Date of Sentence(s) | Tp Term(s)/Indictment Number(s) | OTN(s) | Offense(s)/Charge(s) |
|---|---|---|---|---|---|
| A. | PHILAD | 05/01/86 | CC CP 850900400 | | BURGLARY |

| | Judge(s) | Term(s) of Sentence(s) | | Expiration Dates Minimum Maximum |
|---|---|---|---|---|
| A. | JAMES MCCRUDDEN | 10YR | 20YR | 12/18/97  12/18/07 |

    * ON OR AFTER 12-18-97 TO COMMUNITY CORRECTIONS CENTER FOR AT LEAST
A MINIMUM OF 6 MONTHS, NO RELEASE UNTIL JOB STABILIZED (MANDATORY),
PROVIDING THERE ARE NO MISCONDUCTS,
YOU REMAIN INVOLVED IN REQUIRED PROGRAMS AND YOU HAVE SUBMITTED A
MINIMUM OF FIVE LETTERS OF EMPLOYMENT/VOCATIONAL TRAINING/EDUCATION INQUIRY.
BEFORE YOU CAN BE RELEASED, YOU MUST PROVIDE PROOF OF PAYMENT OF AT LEAST
$30.00 OF MANDATORY COURT COSTS WHICH WILL BE SHARED BY THE CRIME VICTIMS'
COMPENSATION BOARD AND THE PENNSYLVANIA COMMISSION ON CRIME AND DELINQUENCY
IN ACCORDANCE WITH 71 P.S. SECTION 180-7.17.



RECEIVED
FEB 24 199

EXHIBIT
2

                    Signed this  6th day of  November, 1997 at Harrisburg,

PENNSYLVANIA BOARD OF PROBATION AND PAROLE

W. Conway Busbey

Board Secretary
SEAL
    SID  12912218                        Actual Date of Release February 23, 1

Pennsylvania Board of Probation and Parole 
PBPP-11 (Rev. 7/91)

## CONDITIONS GOVERNING PAROLE/REPAROLE

To:    **Victor Gonzalez**

Parole No.  **6879-P**

1.  Report in person or in writing within 48 hours to the district office or sub-office listed below, and do not leave that district without prior written permission of the parole supervision staff.    **ALLENTOWN DISTRICT OFFICE**
**2703 W. Emaus Ave.**
**Allentown, PA  18103**

2.  Your approved residence is listed below and may not be changed without the written permission of the parole supervision staff.
**Allentown Community Corrections Center**
**608-610 Hamilton Mall**
**Allentown, PA  18102**
**610-821-8741**

3.  Maintain regular contact with the parole supervision staff by:
    a.   reporting regularly as instructed and following any written instructions of the Board or the parole supervision staff.
    b.   notifying the parole supervision staff within 72 hours of: (I) your arrest; or (2) your receipt of a summons or citation for an offense punishable by imprisonment upon conviction; and
    c.   notifying the parole supervision staff within 72 hours of any change in status, including, but not limited to, employment, on-the-job training, and education.

4.  Comply with all municipal, county, state and Federal criminal laws, as well as the provisions of the Vehicle Code (75 Pa. C.S. § 101 et seq.), and the Liquor Code (47 P.S. § l-l0l et seq.)

5.  You shall:
    a.   abstain from the unlawful possession or sale of narcotics and dangerous drugs and abstain from the use of controlled substances within the meaning of the Controlled Substance, Drug, Device, and Cosmetic Act (35 P.S. § 780-101 et seq.) without a valid prescription;
    b.   refrain from owning or possessing any firearms or other weapons; and
    c.   refrain from any assaultive behavior.

6.  You shall pay fines, costs, and restitution imposed on you by the sentencing court. You shall establish with appropriate county authorities within thirty (30) days of your release from prison a payment schedule for the fines, costs and restitution owed for those cases for which you are now on state parole. Thereafter, you shall:
    a.   pay these obligations according to the established payment schedule or as ordered by the court;
    b.   provide proof of such payment to parole supervision staff; and
    c.   keep the parole supervision staff and the court informed of any changes in your financial ability to pay fines, costs and restitution.

7.  You shall comply with the special conditions listed on page 2 imposed by the Board and with special conditions imposed by the parole supervision staff.

Additionally, should problems arise, or questions occur concerning the conditions of your parole/reparole, consult with the parole supervision staff, and they will help you in the interpretation of the Conditions of Parole/Reparole.

If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody, pending disposition of those charges, even though you may have posted bail or been released on your own recognizance from those charges.

If you violate a condition of your parole/reparole and, after the appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole you may be recommitted to prison for such time as may be specified by the Board.

If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

If you think that any of your rights have been violated as a result of your parole supervision, you may submit a timely complaint in writing, first to the district director of the district office through which you are being supervised. If your complaint is not resolved to your satisfaction, you may then submit your complaint in writing to the Pennsylvania Board of Probation and Parole, Director of Supervision, P.O. Box l661, Harrisburg Pennsylvania 17105-1661

In consideration of being granted the privilege of parole/reparole by the Pennsylvania Board of Probation and Parole, I hereby agree that:

If I am ever charged with a parole violation arising out of my conduct while in a jurisdiction other than the Commonwealth of Pennsylvania, the revocation of my parole for that violation may be based solely on documentary evidence and I hereby waive any right to confront or cross-examine any person who prepared any such documentary evidence or who supplied information used in its preparation;

I expressly waive extradition to the Commonwealth of Pennsylvania from any jurisdiction in or outside of the United States, where I may be found, and I shall not contest any effort by any jurisdiction to return me to the United States or to the Commonwealth of Pennsylvania; and

I expressly consent to the search of my person, property and residence, without a warrant by agents of the Pennsylvania Board of Probation and Parole. Any items, in the possession of which constitutes a violation of parole/reparole shall be subject to seizure, and may be used as evidence in the parole revocation process.

PBPP-11 (rev 03/90)                                                                    Page 2 of 2 Pages

To: VICTOR GONZALEZ                    Parole No. 6879P        InstNo: AS1650

7. SPECIAL CONDITIONS:

WHEN RELEASED FROM THE CENTER TO THE COMMUNITY:
YOU WILL BE SUPERVISED BY THE INTENSIVE SUPERVISION UNIT.
YOU MUST ABIDE BY ALL OF THE SUPERVISION REQUIREMENTS IN THE INTENSIVE
SUPERVISION UNIT.
UPON YOUR RELEASE, AN EVALUATION/DETERMINATION WILL BE MADE AS TO YOUR NEED
FOR DRUG/ALCOHOL TREATMENT.
YOU WILL FOLLOW ALL TREATMENT RECOMMENDATIONS AND INSTRUCTIONS OF THE
TREATMENT AND/OR PAROLE SUPERVISION STAFF. YOU WILL BE REQUIRED TO SIGN THE
APPROPRIATE RELEASE FORM FOR CONFIDENTIAL INFORMATION.
YOU MUST SUBMIT TO URINALYSIS TESTING.
YOU MUST NOT CONSUME ALCOHOL UNDER ANY CONDITION OR FOR ANY REASON.
YOU MUST NOT ENTER ESTABLISHMENTS THAT SELL OR DISPENSE ALCOHOL EXCEPT AS
APPROVED BY THE SUPERVISION STAFF.
YOU MUST NOT CONTACT OR ASSOCIATE WITH PERSONS WHO SELL DRUGS, OR WITH DRUG
USERS,  OUTSIDE OF A TREATMENT SETTING.
YOU MUST NOT CONTACT OR ASSOCIATE WITH VICTIMS FOR ANY REASON.
YOU MUST ENGAGE IN AN ACTIVE JOB SEARCH DURING ANY PERIOD OF UNEMPLOYMENT AND
PROVIDE VERIFICATION AS DIRECTED BY PAROLE SUPERVISION STAFF.
CURFEW WHENEVER UNEMPLOYED.
WITHIN 72 HOURS, YOU MUST MAKE ARRANGEMENTS TO PAY COSTS, FINES AND
RESTITUTION (MANDATORY).
YOU SHALL PAY A MONTHLY SUPERVISION FEE OF $25.00 TO THE PAROLE BOARD WHEN
UNDER SUPERVISION WITHIN THE COMMONWEALTH OF PENNSYLVANIA (ACT 35 OF 1991).
WHEN RELEASED TO THE COMMUNITY YOU MUST REPORT IN PERSON TO THE DISTRICT OFFICE
OR SUB OFFICE WITHIN 24 HOURS (MONDAY THROUGH FRIDAY) BETWEEN THE HOURS OF
8:30 A.M. - 5:00 P.M.

_____          _____
Signature of Parolee                      Witness

2-20-98
_____          _____
Date                                      Witness

                                          Note: If signed by mark, there must be
                                          two witnesses to the execution of the
                                          instrument.

# EXHIBIT - 3

COMMONWEALTH OF PENNSYLVANIA
BOARD OF PROBATION AND PAROLE
PBPP-257AR

# ARREST REPORT

☒ BOARD PAROLE
☐ SP PROB/PAROLE
☐ OTHER STATE PAROLE
☐ OTHER STATE PROB

ARREST NO. 1

| CLIENT NAME (Last, First, Middle Initial) | | PAROLE NO. | SID NO. | INST. & NO. |
|---|---|---|---|---|
| GONZALEZ, Victor. | | 6879-P | 129 12 21 8 | SCI-DALLAS AS-1650 |
| COUNTY/STATE OF CONV. | SENTENCE | PROB./PAROLE REL. DATE | MINIMUM DATE | MAXIMUM DATE |
| Philadelphia/PA | 10yrs to 20yrs | 2-23-98 | 12-18-97 | 12-18-07 |
| PRESENT OFFENSE | | | | EFF. DATE OF DELQ. (if applicable) |
| BURGLARY | | | | |

| PRESENT SUPV. HISTORY | | PROBLEM AREA HISTORY | | |
|---|---|---|---|---|
| CPV | TPV | ASSAULT XX | PROPERTY XX | ALCOHOL XX |
| XX | | WEAPONS | DRUGS XX | SEX |

**Summary of Adjustment:** Special Conditions: (See attached)

Parolee was released on 2-23-98. Parolee has resided at the Allentown Community Corrections Center since his release. Parolee worked briefly at J. P. Mascaro in Allentown, PA until he was let go. Parolee obtained full-time employment at Schell Roofing of Allentown, PA on 3-17-98 and remained there until his arrest on 4-30-98. Parolee received a drug and alcohol evaluation at T.A.S.C. of Allentown, PA on 3-4-98. T.A.S.C. did not recommend drug and alcohol treatment due to parolee's claim of never using drugs. Parolee denied any drug use even though D.O.C. records indicate excessive beer drinking and methamphetamines use by injection.     (over)

Sanctions:
3-5-98 - Con I - Condition #3A (failure to report)

## CIRCUMSTANCES/DETAILS OF ARREST (Attach PBPP 340 for TPV's/copy of Criminal Complaint for new charges.)

| ARREST DATE | OTN | ARREST AUTHORITY | COUNTY | PLACE OF CONFINEMENT |
|---|---|---|---|---|
| 4-30-98 | | State Parole | Lehigh | Lehigh County Prison |
| Date of Arrest Notice | | Source of Arrest Notice | | |
| 4-30-98 | | State Parole | | |

CHARGES PREFERRED
TECHNICAL PAROLE VIOLATION: Condition #5A

| Date PV Warrant Filed | Dist. Director's Concurrence & Date | Date Warrant Removed | Date Bail Posted | Bail Not Posted |
|---|---|---|---|---|
| 4-30-98 | Daniel J. Goodwin, Jr. 4-30-98 (054) | | | ☐ |

### CRIMINAL PRELIMINARY HEARING

| Hearing Date | Disposition | District Justice/Court |
|---|---|---|
| | | |

### RECOMMENDATION(S)

| | FOR CO USE | |
|---|---|---|
| ☐ CONTINUE UNDER SUPERVISION<br>☐ CONTINUE PENDING DISPOSITION OF CRIMINAL CHARGES<br>☐ DETAIN PENDING DISPOSITION OF CRIMINAL CHARGE(S)<br>☒ DETAIN PENDING DISPOSITION OF TECHNICAL VIOLATION(S) | | ☐ DECLARE DELINQUENT FOR CONTROL EFFECTIVE:<br>☐ CLOSE IF NOT TRIED BY MAXIMUM<br>☐ OTHER |

| REASON(S) TO CONTINUE: | | REASON(S) TO DETAIN: | |
|---|---|---|---|
| ☐ Amenable to Supervision. ☐ Other<br>☐ Stable Residence<br>☐ Steady Employment | | ☐ Delinquency<br>☐ Risk of Absconding<br>☐ Seriousness of Offense<br>☒ Early Failure | ☒ Failure to Respond to Sanction<br>☐ Pattern of Similar Offenses<br>☐ Weap<br>☐ Other |

| AGENT NAME/SIGNATURE/DATE | SUPERVISOR NAME/SIGNATURE/DATE |
|---|---|
| Chris Denton   5-6-98 | Larry A. Polgar   5-6-98 |

EXHIBIT
3

# EXHIBIT - 4

**PBPP 141  (12/79)**

```
AGENT  Denton        PHONE#(610)821-6779-X-215
DOB  2/3/60  (1/2/5 )
SS#  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;  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
SID#   129 12 21 8
MAX DATE   12-18-07
NEW CHARGES      TPV  X
```



COMMONWEALTH OF PENNSYLVANIA
BOARD OF PROBATION AND PAROLE

# WARRANT TO COMMIT AND DETAIN

Date   April 30, 1998

To the Superintendent, Warden, or other authorized representative of any
    Detention Facility or State Correctional Institution in the Common-
    wealth of Pennsylvania:

By virtue of the authority delegated to me by the Pennsylvania Board of
Probation and Parole, you are hereby authorized and directed to commit and
detain for violation of parole/probation  Victor Gonzalez                ,
Parole No. _6879-P_____ , paroled on  February 23, 1998
from  SCI-DALLAS                    , Institution No. AS 1650
subject to further order of the Board.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE

By:

_____
         District Supervisor

         Daniel J. Goodwin, Jr.



EXHIBIT
4

# EXHIBIT - 5

PBPP-340 (4/94)

# PENNSYLVANIA BOARD OF PROBATION AND PAROLE

## NOTICE OF CHARGES AND HEARING

**NAME** VICTOR GONZALEZ                    **DATE** June 9, 1998

**PAROLE NO.** 6879-P          **PHOTO NO.**          **PCP NO.** SCID AS-1650

***You are charged with the following:***

TECHNICAL PAROLE VIOLATION:
CONDITION #5A:  You shall abstain from the unlawful possession or sale of narcotics and dangerous drugs and abstain from the use of controlled substances within the meaning of the Controlled Substance, Drug, Device, and Cosmetic Act (35 P.S. {780-101 et seq.) without a valid prescription.

> SUPPORTING EVIDENCE:  You did submit a urine sample to
> Agent Denton on 4-15-98 that was returned positive for opiates.

[X]     ***As a result, a   VIOLATION                    hearing will be held.***
        ***Your rights for this hearing are indicated on the reverse side.***

[   ]   ***You are now being charged with the above additional violations which will***
        ***be heard along with the original charges at your Violation and/or Revocation***
        ***Hearing. (See reverse side "Notice of Additional Charges").***

**PUBLIC DEFENDER**                    **HEARING DATE AND TIME:** 6-17-98 - 10:45 A.M.

Lehigh County Public Defender          **LOCATION:**  Lehigh County Prison
Lehigh County Courthouse`
Room 313:  P. O. Box 1548              Chris Denton _____
Allentown, PA  18105                                  **(Signature**
Orig.   Offender                       Parole Agent II
CC:    Supervisor, Agent, File                        **(Title)**

EXHIBIT
5

### RIGHTS AT ALL BOARD HEARINGS

*You have the right to: (1) speak; (2) have voluntary witnesses appear on your behalf; and (3) present affidavits and other evidence. You have the right to be represented by retained counsel. On the reverse side are listed the names and addresses of public defender of the county in which you are incarcerated. You may request a continuance of the hearing for good cause. The Board will send notice of its determination either to you or to counsel if you were represented at the hearing.*

### PRELIMINARY HEARING RIGHTS

*The Board has ordered your detention as a result of the technical parole violation(s) charged on the reverse side and has scheduled a preliminary hearing before an examiner to determine whether there is probable cause to believe that you committed the violation(s). If the examiner finds probable cause, the Board may schedule a violation hearing to determine whether you should be recommitted as a technical violator.*

### VIOLATION HEARING RIGHTS

*The Board has scheduled a violation hearing to determine whether you should be recommitted as a technical violator because of the violation(s) charged on the reverse side. You have a right to be heard by a panel.*

*You have a right to representation by free counsel at this hearing if you are unable to afford counsel.*

### DETENTION HEARING RIGHTS

*The Board has ordered your detention as the result of the new criminal charge(s) listed on the reverse side, and has scheduled a detention hearing before an examiner to determine whether you should be detained pending disposition of the charge(s).*

### REVOCATION HEARING RIGHTS

*The Board has scheduled a revocation hearing to determine whether you should be recommitted as a convicted violator because of the conviction(s) charged on the reverse side. You have a right to be heard by a panel.*

*You have a right to representation by free counsel at this hearing if you are unable to afford counsel.*

### NOTICE OF ADDITIONAL CHARGES

*The Board has already detained you on other charges as a result of:*

1. *Probable cause established as to technical parole violations on or about_____.*

2. *Probable cause established (detention hearing) as a result of new criminal charges on or about _____.*

3. *Prima facia case established on new criminal charges (criminal preliminary hearing) on or about _____.*

# EXHIBIT - 6

PBPP-72 (Rev. 10-89)

## COMMONWEALTH OF PENNSYLVANIA
## BOARD OF PROBATION AND PAROLE

### Attorney (If Desired)

Attorney's Name  *Anthony C. Bruneio*

Address  *219 N. 7th St. Allentown PA 18102*

Phone  *(610) 820-4100*

### Waiver of Representation by Counsel

Having been fully advised of my right to counsel of my choice to represent me at a hearing before the Board, and of my right to appointed counsel if I cannot afford counsel of my choice, I hereby waive this right and request that my hearing be held without counsel.

This waiver is made of my own free will, without threat or coercion.

_____          _____          _____
Signature of Parolee                                      Parole No.                      Date

_____          _____          _____
Signature of Witness                                         Title                            Date

### Entry of Appearance of Counsel

I, _____ANTHONY C. BRUNEIO_____ , hereby enter my appearance as

legal counsel on behalf of ____VICTOR GONZALEZ____
                                                              Client

at the ____VIOLATION____ hearing held on ____6-17-98____
                    Type of Hearing                                                    Date

at ____LEHIGH Co. PRI____ before ____FRED T. ANGELILLI____
              Institution                                                  Examiner(s)

____6-17-98____                              *Anthony C. Bruneio*
      Date                                                Signature of Counsel

                                                    *219 N. 7TH ST*
                                                              Address

                                                    *ALLENTOWN PA 18102*

                                                    *610 820 4100*
                                                           Telephone Number

EXHIBIT
6

## Waiver of Preliminary Hearing

With full knowledge and understanding of my right to a preliminary hearing, I hereby waive that right and request a violation hearing.

I waive this right of my own free will, without threat or coercion.

| | | |
|---|---|---|
| Parole No. | Signature of Parolee | Date |
| | Signature of Hearing Examiner | Date |

---

## Waiver of Panel Hearing

With full knowledge and understanding of my right to a final hearing before a panel, I hereby waive that right and request that my hearing be held before an examiner.

I waive this right of my own free will, without threat or coercion.

| | | |
|---|---|---|
| 6879 - P | *Victor Gonzales* | 6/17/98 |
| Parole No. | Signature of Parolee | Date |
| | *Anthony C Bремeis* | 6/17/98 |
| | Signature of Witness | Date |

---

## Request for Panel Hearing

I request that my hearing be conducted before a panel.

| | | |
|---|---|---|
| Parole No. | Signature of Parolee | Date |
| | Signature of Witness | Date |

Institution Where Confined

# EXHIBIT - 7

# SCIENTIFIC TESTING LABORATORIES, INC.

463 SOUTHLAKE BLVD., RICHMOND, VA 23236
Telephone: (804) 378-9130  Fax: (804) 379-5919
*Professional Drug and Alcohol Abuse Testing Facilities*

Client Account #: 4933

ATTN: L. POLGAR      X210
PA/BP&P:  ALLENTOWN ISU
2703 W. EMMAUS AVE
ALLENTOWN, PA  18100

## RESULTS OF CONTROLLED SUBSTANCE TEST

Participant Name: GONZALES, VICTOR               Sample Status: POSITIVE
Identification #: 6879-P

                                                Date Collected: 04/15/1998
    Requisition #: 1062648                      Time Collected: NOT GIVEN
      Accession #: NONE ASSIGNED                Date Received: 04/20/1998
 Reason for Test: RANDOM                        Date Reported: 04/23/1998
           Agent: DENTON

| Test | Result | Screen Cut-Off | Confirmation Cut-Off |
|------|--------|----------------|----------------------|
| AMPHETAMINES | NEGATIVE | 1000 ng/mL | 500 ng/mL |
| BENZODIAZEPINES | NEGATIVE | 200 ng/mL | 200 ng/mL |
| BARBITURATES | NEGATIVE | 200 ng/mL | 200 ng/mL |
| COCAINE | NEGATIVE | 150 ng/mL | 150 ng/mL |
| ETHANOL | NEGATIVE | 0.05 g% | 0.05 g% |
| OPIATES | POSITIVE @ >600 | 300 ng/mL | 300 ng/mL |
| PHENCYCLIDINE | NEGATIVE | 25 ng/mL | 25 ng/mL |
| CANNABINOIDS | NEGATIVE | 20 ng/mL | 20 ng/mL |

| | | |
|---|---|---|
| CREATININE | NORMAL | $\geq$ 20 mg/dL |
| SAMPLE CHECK | | |
| SPECIFIC GRAVITY | NORMAL | $\geq$ 1.003 |
| pH | NORMAL | 3.1 - 10.9 |

EXHIBIT
7

ATTESTATION:
I hereby certify that I performed, or had the above laboratory analysis
performed directly under my supervision as described on this report, as
an employee of and within the laboratory and facilities of Scientific
Testing Laboratories, Incorporated, and that the above report is a true
and accurate record of the results of the analysis.
CERTIFYING SCIENTIST:
PAULETTA A. SHOCKLEY, BS

# EXHIBIT - 8

● ●

# SCIENTIFIC TESTING LABORATORIES, INC.
463 SOUTHLAKE BLVD.,  RICHMOND, VA  23236
Telephone: (804) 378-9130  Fax: (804) 379-5919
*Professional Drug and Alcohol Abuse Testing Facilities*

∫-2

98 MAY 18 PM 3:27

... OFFICE
... & PAROLE ...TION

Client Account #: 4933

ATTN: L. POLGAR    X210
PA/BP&P:   ALLENTOWN ISU
2703 W. EMMAUS AVE
ALLENTOWN, PA  18100

## RESULTS OF CONTROLLED SUBSTANCE TEST

Participant Name: GONZALES, VICTOR                     Sample Status: **POSITIVE**
Identification #: 6879-P

                                                   Date Collected: 04/15/1998
   Requisition #: 1062648 ·                          Time Collected: NOT GIVEN
     Accession #: NONE ASSIGNED                       Date Received: 04/20/1998
Reason for Test: RANDOM                                 Date Reported: 05/15/1998
        Agent: DENTON

| Test | Result | Screen Cut-Off | Confirmation Cut-Off |
|------|--------|----------------|---------------------|
| AMPHETAMINES | NEGATIVE | 1000 ng/mL | 500 ng/mL |
| BENZODIAZEPINES | NEGATIVE | 200 ng/mL | 200 ng/mL |
| BARBITURATES | NEGATIVE | 200 ng/mL | 200 ng/mL |
| COCAINE | NEGATIVE | 150 ng/mL | 150 ng/mL |
| ETHANOL | NEGATIVE | 0.05 g% | 0.05 g% |
| OPIATES | POSITIVE | | 120 ng/mL |
| OPIATES | POSITIVE @ >600 | 300 ng/mL | 300 ng/mL |
| PHENCYCLIDINE | NEGATIVE | 25 ng/mL | 25 ng/mL |
| CANNABINOIDS | NEGATIVE | 20 ng/mL | 20 ng/mL |

| | | |
|------|--------|--------|
| CREATININE | NORMAL | ≥ 20 mg/dL |
| SAMPLE CHECK | | |
|   SPECIFIC GRAVITY | NORMAL | ≥ 1.003 |
|   pH | NORMAL | 3.1 - 10.9 |

CONFIRMED POSITIVE FOR MORPHINE BY GC/MS.

**EXHIBIT**
**8**
PENGAD-Bayonne, N. J.

ATTESTATION:
I hereby certify that I performed, or had the above laboratory analysis
performed directly under my supervision as described on this report, as
an employee of and within the laboratory and facilities of Scientific
Testing Laboratories, Incorporated, and that the above report is a true
and accurate record of the results of the analysis.
CERTIFYING SCIENTIST:
KURT KNACHEL, BS, MT(ASCP)

# EXHIBIT - 9

06/16/1998  15:01    717340    CLI THROOP

LABORATORY REPORT
PAGE 01

**A M L**
American Medical Laboratories, Inc.
14228 Newbrook Drive
Chantilly, VA 20153
(703) 802-6900
(800) 336-3718

12982                    PNJ:T12982
CLINICAL LABORATORIES, INC.

901 KEYSTONE INDUSTRIAL PARK
THROOP PA 185121534

PATIENT NAME: GONZALEZ, VICTOR

| PHYSICIAN | ROOM NO. | PATIENT ID | | AGE ADULT ASSUMED |
|---|---|---|---|---|

| E | REQUISITION NO. | ACCESSION NO. | COLLECTION DATE & TIME | LOG-IN-DATE | REPORT DATE & TIME |
|---|---|---|---|---|---|
| 1 | -8383 | 50280376/0 | 05/28/1998 | 05/30/98 | 06/15/98  16:3 |

REMARKS
SAMPLE DATA: HAIR

| REPORT STATUS | FINAL | TEST | RESULTS | | UNIT | REFERENCE RANGE |
|---|---|---|---|---|---|---|
| | | | IN RANGE | OUT OF RANGE | | |

4713/0
OPIATES IN HAIR

| | IN RANGE | UNIT |
|---|---|---|
| Dihydrocodeine/Hydrocodol, Hair | None Detected | |
| | Reporting Limit: 400 | ng/g |
| Oxycodone, Hair | None Detected | |
| | Reporting Limit: 400 | ng/g |
| 6-Monoacetylmorphine, Hair | None Detected | |
| | Reporting Limit: 400 | ng/g |
| Codeine, Hair | None Detected | |
| | Reporting Limit: 400 | ng/g |
| Hydrocodone, Hair | None Detected | |
| | Reporting Limit: 400 | ng/g |
| Hydromorphone, Hair | None Detected | |
| | Reporting Limit: 400 | ng/g |
| Morphine, Hair | None Detected | |
| | Reporting Limit: 400 | ng/g |

Analysis was performed by two independent methods (gas chromatography/
mass spectrometry and enzyme immunoassay) on two separate aliquots
of the submitted hair specimen.

Hair Length, Hair                    2                    cm

The submitted hair specimen's originating body site was not identified.

                    Forensic Analysis
This analysis was performed under chain of custody.  The chain of
custody documentation is on file at National Medical Services, Inc.

The data generated in the determination of the above results are
scheduled to be discarded 18 months from the date of the original
report, unless alternate arrangements are made by you prior thereto.

The remainder of the submitted specimen(s) is/are scheduled to be
discarded twelve weeks from the date of this report unless alternate
arrangements are made by you prior thereto.

Test performed by National Medical Services, Inc.
                    3701 Welsh Road P.O. Box 433A
                    Willow Grove, PA 19090-0437
                    Phone: 215-657-4900
PROFILE CONTINUED ON NEXT PAGE...

EXHIBIT
9

Age and sex dependent reference ranges are printed when available
if age and sex are designated. Otherwise, adult values are given.
167503 R 4/98

IRA D. GODWIN, M
DIRECTOR OF LABORA

06/16/1998   15:01      7173400204                    CLI THROOP

LABORATORY REPORT
I
PAGE   02

12982                    PNJ:T12982
CLINICAL LABORATORIES, INC.

901 KEYSTONE INDUSTRIAL PARK
THROOP PA 185121534

**AML**
American
Medical
Laboratories, Inc.®

14225 Newbrook Drive
Chantilly, VA 20153
(703) 802-6900
(800) 338-3718

| PATIENT NAME | SEX |
|---|---|
| GONZALEZ, VICTOR | |

| PHYSICIAN | ROOM NO. | PATIENT ID | AGE |
|---|---|---|---|
| | | | ADULT ASSUMED |

| E | REQUISITION NO. | ACCESSION NO. | COLLECTION DATE & TIME | LOG-IN-DATE | REPORT DATE & TIME | |
|---|---|---|---|---|---|---|
| 2 | -8383 | 50280376/0 | 05/28/1998 | 05/30/98 | 06/15/98 | 16:35 |

REMARKS
SAMPLE DATA: HAIR I

| REPORT STATUS | FINAL | TEST | RESULTS IN RANGE | OUT OF RANGE | UNIT | REFERENCE RANGE |
|---|---|---|---|---|---|---|
| 4713/0 | | | | | | A0 |
| OPIATES IN HAIR   (CONTINUATION) | | | | | | |

*** END OF REPORT ***

[P   9128]-[S 4848] Printed 14:57:28   16 JUN 1998

Age and sex dependent reference ranges are printed when available
if age and sex are designated. Otherwise, adult values are given.
167503 R 4/98

IRA D. GODWIN, M.D.
DIRECTOR OF LABORATO

06/16/98   TUE 15:17   [TX/RX NO 6706]

# EXHIBIT - 10

PBPP 344 (Rev. 11/94)

### PENNSYLVANIA BOARD OF PROBATION AND PAROLE

TAPE NO. __419__            HEARING REPORT

PANEL    [ ] Yes    [xx] No

Parolee Name: __Victor Gonzalez__            Parole No.: __6879-P__

Hearing Site: __Lehigh County Prison__            Date: __6-17-98__

Type of Hearing: [xx] Violation  [ ] Revocation  [ ] Recission  [ ] Detention

Parole Agent: __Denton__            [xx] Present    [ ] Not Present

Counsel: __Anthony C. Bruneio__            [ ] Public Defender [x] Private

Address: __219 N. 7th St., Allentown, PA  18102__

WITNESS INFORMATION:  (Name and Addresses)

For Parole Agent                          For Defense

Oath administered to all witnesses who testified:  YES [xx]    NO [ ]

| Date of:<br>Arrest By Police: _____,<br>Arrest By Agent: __4-30-98__<br>Board Warrant: __4-30-98__ | Prior Continuances Granted<br>Date(s):_____, _____, _____ |
|---|---|

(PBPP-340 dated: __6-9-98__ )

TECHNICAL CONDITION(S): 1. 2.  3a. 3b. 3c. 4. (5a) 5b.  5c.  6a. .6b. 6c. 7.
                    (circle conditions charged)
Time owed as a technical parole violator:_____

NEW CONVICTIONS:  YES [ ]  NO [x]   See PBPP-340 dated:_____

Time owed as a Convicted Parole Violator:_____
Date of Official Verification of Convictions:_____
Date of return to SCI:_____

PENDING CRIMINAL CHARGES: None

   County                          Offense(s)

RECEIVED
JUN 2 5 1998
PA Board of Probation
and Parole

**EXHIBIT**
10

STATES EVIDENCE    (Violation and Revocation Hearing)

Conditions Admitted:  1.  2.  3a.  3b. 3c. 4.  5a. 5b. 5c.  6a.  6b. 6c.  7.


(See attached)


Objections:    YES [ ]        NO [ ]        Ruling
   (List Objections)

---

DEFENSE EVIDENCE


(See attached)


Objections:        YES [ ]    NO [ ]      Ruling
   (List Objections)

**Victor Gonzalez**        **-2A-**        **PAROLE NO. 6879-P**

**Conditions Admitted: 1. 2. 3A. 3B. 3C. 4. 5A. 5B. 5C. 6A. 6B. 6C. 7.**

## STATES EVIDENCE:

Agent Denton entered into the record a urinalysis report indicating that on 4-l5-98 parolee rendered a urine sample positive for opiates. This sample had been retested and confirmed by gas chromatography. Agent testified that a representative of the Board approved lab, Scientific Testing, informed him that eating poppy seeds would not produce a positive sample.

Agent also testified that D.O.C. records indicate parolee previously reported use of amphetamines.

Findings:

Preponderance established on condition #5A by reason of agent's testimony and laboratory analysis.

**OBJECTIONS:**     **YES [ ]**       **NO [ X ]**       **RULING:**

## DEFENSE EVIDENCE:

Parolee testified that he had not used drugs of any type. He added that he had eaten poppy seed bread at an Easter dinner. After realizing that this reportedly could cause a positive urinalysis he took some of the bread to his agent. Agent took a sample on 4-l5-98 and it proved positive for opiates.

Defense counsel arranged for a hair sample analysis to be conducted on the parolee. A two centimeter sample obtained on 5-28-98 and processed by the American Medical Laboratories indicated no drug usage for 60 days prior to 5-28-98.

The defense counsel also read from "Drug Testing Techniques and Practices" published by Callaghan Inc. Reportedly poppy seed consumption can result in either a positive urine sample for codeine or morphine.

Defense Counsel also stated that in view of this finding Federal Authorities depend not only on urinalysis but on other indicia of substance abuse. Such other indicia were not present with the parolee.

Also counsel stated that two subsequent urine samples taken by agent were negative.

Parolee denied ever using drugs and stated the D.O.C. records were erroneous and originated in a PST which was produced without his cooperation.

**OBJECTIONS:**     **YES [ ]**     **NO [ X ]**         **RULING:**

NEW CRIMINAL CONVICTIONS   (List all convictions for which preponderance is established)

| Arrest | Convictions | Presumptive Range | Arrest | Convictions | Presumptive Range |
|---|---|---|---|---|---|
| 1 | ---------------- | ---------------- | 4 | ---------------- | ---------------- |
| 2 | ---------------- | ---------------- | 5 | ---------------- | ---------------- |
| 3 | ---------------- | ---------------- | | Aggregated Range | ---------------- |

TECHNICAL PAROLE VIOLATIONS

| No Prep. | Preponderence | Single Violations | Multiple Violations | Reasons for TPV/CPV decisions |
|---|---|---|---|---|
| [ ] | [ ] Condition #1 | 6 –12 months | 6 – 18 months | [ ] Early failure on parole/reparole |
| [ ] | [ ] Condition #2 | 6 – 9 months | 6 – 18 months | [ ] Pattern of parole failure in your criminal history record |
| [ ] | [ ] Condition #3A | 3 – 6 months | 6 – 18 months | [X] Not amenable to parole supervis |
| [ ] | [ ] Condition #3B | 3 – 6 months | 6 – 18 months | [ ] Prior parole/probation failure |
| [ ] | [ ] Condition #3C | 3 – 6 months | 6 – 18 months | [ ] You are considered a threat to t safety of the community |
| [ ] | [ ] Condition #4 | 3 – 9 months | 6 – 18 months | [ ] Conviction in court of record es |
| [ ] | [X] Condition #5A | 5 –12 months | 6 – 18 months | [ ] Declared delinquent by the Boar |
| [ ] | [ ] Condition #5B | 6 –12 months | 6 – 18 months | [ ] Failure to comply with sanctions |
| [ ] | [ ] Condition #5C | 6 –18 months | 6 – 18 months | [ ] Other |
| [ ] | [ ] Condition #6 | 0 – 6 months | | |
| [ ] | [ ]*Condition #7 | 3 –18 months | Aggregate | |

*Are SPECIAL CONDITION(s) violated DRUG related condition? [ ] Yes  [ ] No
*Are SPECIAL CONDITION(s) violated ALCOHOL related conditions? [ ] Yes  [ ] No
Evidence relied upon: [Check( )applicable evidence as it relates to specific individual conditions.]

Direct:
[ ] Client Admission                    [Cond.
[ ] Prior Client Admission              [Cond.
[X] Parole Agent's Testimony            [Cond.
[ ]Testimony of_____                  [Cond.
                                        [Cond.
                                        [Cond.

Documentary:
[ ] Certified copy of Court Record proving conviction
[ ] Records of District Justice
[ ] Lab Report _____
[ ] Affidavit of _____
[ ] PBPP Form # _____

---

TPV/CPV Mitigation (if below range)          TPV/CPV Aggravation (if above range)

-------------------------                    -------------------------
-------------------------                    -------------------------
-------------------------                    -------------------------

---

BOARD DECISION

[ ] Continue on Parole (preponderance found) (Check appropriate conditions under reparole section.)
      There must be verification of an approved plan.  With Whom:_____
                                                      Address:_____
                                                      _____

[ ] Continue on Parole (preponderance NOT found) (Check appropriate conditions under reparole section.)
[X] Recommit as a TPV (when available) to serve ___5___ months (and/or) REVIEW
[ ] Recommit as a CPV (when available) to serve _____ months (and/or)
[ ] Recommit as a TPV/CPV and reparole (Requires mitigation).
[ ] ISDU for _____ months or until _____ Mo/Yr
[ ] Detain [ ] Continue on parole pending disposition of criminal charge(s).
[ ] Refer to Board Action of _____, and now...
[ ] Other

While confined you must:

[X] comply with the institution's prescriptive program requirements and have no misconducts.
[ ] participate in sex offender treatment
[ ] participate in mental health counseling

Reparole Special Condition(s): [Check ( ) appropriate special conditions].
[ ] In-Patient program only. (To be used only if acceptance into the program has been verified).

   ( ) Removal or termination from the program for any reason other than successful
       completion is a violation of your parole.

   ( ) When released to parole supervision, after successful completion of the in-patient
       program, you must comply with the following special conditions of parole.

[ ] You must abide by all of the supervision requirements in the Intensive Supervision Diversion
    Program.

[ ] Upon your release, an evaluation/determination will be made as to your need for _____
    treatment. You will follow all treatment recommendations and instructions of the treatment
    and/or supervision staff. You will be required to sign the appropriate release form
    for confidential information.

[ ] You must cooperate with TASC-SCI and follow all treatment recommendations.

[ ] You must achieve negative results in screening tests randomly applied for the detection of
    the presence of controlled substances or designer drugs and you must pay for the costs
    of the tests. (Act 97–    ).

[ ] You must submit to urinalysis testing.

[ ] You must not consume alcohol under any conditions or for any reason.

[ ] You must not contact or associate with _____ for any reason.

[ ] You must take psychotropic medication if prescribed by your doctor.

[ ] Other: _____

PANEL MEMBERS:

FRED T. ANGELILLI          _Fred T. Angelilli_          6-19-98
(Print Name)               (Signature)                  (Date)

KIPP                       _____              7-10-98
(Print Name)               (Signature)                  (Date)

# EXHIBIT - 11

NOTICE OF BOARD DECISION
PBPP-15(6/96)

### COMMONWEALTH OF PENNSYLVANIA
### PENNA. BOARD OF PROBATION AND PAROLE

DATE:    072198

CLIENT NAME:    VICTOR GONZALEZ                    PAROLE NO:    6879P

INSTITUTION:                                       INSTITUTION NO:
                SCI - MAHANOY                                     AS1650

AS RECORDED ON   071098    THE BOARD OF PROBATION AND PAROLE RENDERED THE
FOLLOWING DECISION IN YOUR CASE:


- RECOMMIT TO A STATE CORRECTIONAL INSTITUTION AS A TECHNICAL PAROLE VIOLATOR TO
SERVE 5 MONTHS BACKTIME FOR VIOLATION OF CONDITION #5A, USE OF DRUGS.

EVIDENCE RELIED ON: PAROLE AGENT'S TESTIMONY.
REASONS: NOT AMENABLE TO PAROLE SUPERVISION.

WHILE CONFINED, YOU MUST COMPLY WITH THE INSTITUTION'S PRESCRIPTIVE PROGRAM
REQUIREMENTS AND HAVE NO MISCONDUCTS.

REVIEW IN OR AFTER SEPTEMBER 1998.

IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRA-
TIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER.  THIS REQUEST
SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR THE ALLEGA-
TIONS.  SEE 37 PA CODE SEC. 73.  YOU HAVE THE RIGHT TO AN ATTORNEY
IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.
                                DATE MAILED    AUG 05 1998
(H.R. 6/17/98 - KSC 7/21/98)


- PAROLE VIOLATION MAX DATE: 121807


CC: ANTHONY C. BRUNEIO, ESQ

                EXHIBIT
                11

                FILE COPY

                                W. CONWAY BUSHEY
                                BOARD SECRETARY

# EXHIBIT - 12

NOTICE OF BOARD DECISION
PBPP-15(6/98)

## COMMONWEALTH OF PENNSYLVANIA
## PENNA. BOARD OF PROBATION AND PAROLE

DATE:    120898

CLIENT NAME:    VICTOR GONZALEZ

INSTITUTION:    SCI - DALLAS

PAROLE NO:    6879P

INSTITUTION NO:    AS1650

AS RECORDED ON    111798    THE BOARD OF PROBATION AND PAROLE RENDERED THE
FOLLOWING DECISION IN YOUR CASE:

FOLLOWING AN INTERVIEW AND REVIEW OF YOUR FILE, THE PENNSYLVANIA BOARD OF
PROBATION AND PAROLE HAS DETERMINED THAT THE MANDATES TO PROTECT THE SAFETY
OF THE PUBLIC AND TO ASSIST IN THE FAIR ADMINISTRATION OF JUSTICE CANNOT BE
ACHIEVED THROUGH YOUR RELEASE ON PAROLE. YOU ARE THEREFORE REFUSED PAROLE AND
ORDERED TO:

BE REVIEWED IN OR AFTER JUNE, 1999

AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER:
WHETHER YOU HAVE SUCCESSFULLY COMPLETED A TREATMENT PROGRAM FOR:
SUBSTANCE ABUSE AND DECISION MAKING.

WHETHER YOU HAVE RECEIVED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE:
DEPARTMENT OF CORRECTIONS.

WHETHER YOU HAVE MAINTAINED A CLEAR CONDUCT RECORD AND COMPLETED THE
DEPARTMENT OF CORRECTIONS' PRESCRIPTIVE PROGRAM(S).

INVESTIGATED HOME PLAN WITH DRUG/ALCOHOL TREATMENT TO BE AVAILABLE AT TIME
OF REVIEW, MANDATORY.

*MLS 12-08-98*

PAROLE VIOLATION MAX DATE: 121807

EXHIBIT
12

FILE COPY

W. CONWAY BUSHEY
BOARD SECRETARY

# EXHIBIT - 13

NOTICE OF BOARD DECISION
PBPP-15(6/96)

COMMONWEALTH OF PENNSYLVANIA
PENNA. BOARD OF PROBATION AND PAROLE

DATE: 07/24/1999

CLIENT NAME:  VICTOR GONZALEZ                    PAROLE NO:  6879P
INSTITUTION:  SCI - DALLAS                       INSTITUTION NO:  AS1650

AS RECORDED ON 07/24/1999 THE BOARD OF PROBATION AND PAROLE RENDERED THE
FOLLOWING DECISION IN YOUR CASE:

FOLLOWING AN INTERVIEW AND REVIEW OF YOUR FILE, THE PENNSYLVANIA BOARD OF
PROBATION AND PAROLE HAS DETERMINED THAT THE MANDATES TO PROTECT THE SAFETY OF
THE PUBLIC AND TO ASSIST IN THE FAIR ADMINISTRATION OF JUSTICE CANNOT BE
ACHIEVED THROUGH YOUR RELEASE ON PAROLE.   YOU ARE THEREFORE REFUSED PAROLE AND
ORDERED TO:

BE REVIEWED IN OR AFTER SEPTEMBER, 2000.

AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER:
WHETHER YOU HAVE SUCCESSFULLY COMPLETED THERAPEUTIC COMMUNITY.
WHETHER YOU HAVE RECEIVED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE
DEPARTMENT OF CORRECTIONS.
WHETHER YOU HAVE MAINTAINED A CLEAR CONDUCT RECORD AND COMPLETED THE
DEPARTMENT OF CORRECTIONS' PRESCRIPTIVE PROGRAM(S).

^JJM 07-24-1999^

PAROLE VIOLATION MAX DATE:  12/18/2007

EXHIBIT
13

FILE COPY

KATHLEEN ZWIERZYNA
BOARD SECRETARY

# EXHIBIT - 14

NOTICE OF BOARD DECISION
PBPP-15(6/96)

# COMMONWEALTH OF PENNSYLVANIA
## PENNA. BOARD OF PROBATION AND PAROLE

### DATE: 09/28/2000

CLIENT NAME:  VICTOR GONZALEZ                    PAROLE NO:  6879P
INSTITUTION:  SCI - DALLAS                       INSTITUTION NO:  AS1650

AS RECORDED ON 09/28/2000 THE BOARD OF PROBATION AND PAROLE RENDERED THE
FOLLOWING DECISION IN YOUR CASE:

FOLLOWING AN INTERVIEW AND REVIEW OF YOUR FILE, THE PENNSYLVANIA BOARD OF
PROBATION AND PAROLE HAS DETERMINED THAT THE FAIR ADMINISTRATION OF JUSTICE
CANNOT BE ACHIEVED THROUGH YOUR RELEASE ON PAROLE.   YOU ARE THEREFORE REFUSED
PAROLE AND ORDERED TO:

BE REVIEWED IN OR AFTER  SEPTEMBER, 2002, OR EARLIER, IF RECOMMENDED BY THE
DEPARTMENT OF CORRECTIONS/COUNTY PRISON STAFF.

AT YOUR NEXT INTERVIEW, THE BOARD WILL REVIEW YOUR FILE AND CONSIDER:
WHETHER YOU HAVE SUCCESSFULLY COMPLETED A TREATMENT PROGRAM FOR:
SUBSTANCE ABUSE THERAPEUTIC COMMUNITY.
WHETHER YOU HAVE RECEIVED A FAVORABLE RECOMMENDATION FOR PAROLE FROM THE
DEPARTMENT OF CORRECTIONS.
WHETHER YOU HAVE MAINTAINED A CLEAR CONDUCT RECORD AND COMPLETED THE
DEPARTMENT OF CORRECTIONS' PRESCRIPTIVE PROGRAM(S).

*KLS 09/28/2000*

PAROLE VIOLATION MAX DATE:  12/18/2007

FILE COPY

Kathleen Zwierzyna
KATHLEEN ZWIERZYNA
BOARD SECRETARY

EXHIBIT
14

# EXHIBIT - 15

COMMONWEALTH OF PENNSYLVANIA
PENNSYLVANIA BOARD OF PROBATION AND PAROLE


VICTOR GONZALEZ,                          :

                    Petitioner            :    Parole No. 6879P

        v.                                :

PENNA. BOARD OF PROBATION AND             :
PAROLE,

                    Respondent            :


REQUEST FOR ADMINISTRATIVE RELIEF


        After spending ten (10) years in prison, petitioner was release
to a center for six (6) months, to be reintergrated into society.
The petitioner was holding down two (2) jobs (Shell Roofing and
Aarvark Hauling & Cleaning).  While in prison, petitioner became a
Christian and was a model prisoner, and continued to profess
Christian ideaolgy when released through brotherhood, fellowships,
and helping others.

        While celebrating Easter Passover, attended at the petitioner's
pastor home, petitioner ate some bread that contained poppy seeds.
On the petitioner's weekly visit to his parole agent, petitioner gave
a urine sample on Wednesday, April 15, 1998, in which tested
positive, and reporter again on the following two Mondays and gave
another urine, in which both tested negative.  The results of the
first sample was retested, low positive on the scale of
identification that clearly rating for food containing poppy seeds,
in which will identify a low rating.

        As a result of this oversight, petitioner was arrested and
retained an attorney, A.C. Bruneio (610-820-4100), got permission
from the State Hearing Examiner to have D.N.A. testing to confirm
that the urine sample tested low positive and could only come from
poppy seeds.  This low positive result of testing clearly confirms

EXHIBIT
15

D.N.A. criteria that the low rating could only come from poppy.

As of May 1989, the Probation and State Parole Agencies out of Harrisburg, issued an memo to state and county jails regulating work release and furlough to be signed persons seeking participation in these program, solely on poppy seeds, because it test as a opiate.

It is unfounded to think that a man after spending ten (10) years in prison, and after presenting the substance (poppy bread) to his parole agent, Chris Denton, who at the parole hearing stated that the petitioner brought him the substance (poppy bread) and confirmed by Mr. Denton as the substance eaten by the petitioner, could be recommitted on this mis-understanding, as well as proof positive that drugs were not used by the petitioner.

Clearly the Parole Board, in this instance stepped overboard to recommit the petitioner in which clearly exceeds its bounds in fairness to individuals trying to make a better life for themselves.

The policy established in Harrisburg clearly defines criteria used in granting work released and furloughs in state and county jails. But this same criteria does not apply to state parolees or county probation. Where no established buffer or established policy is in place to governed or guide its agents in circumstances as such, where Harrisburg is well aware of side effects and results of said use of various common substances that may test positive (Tylynol 3, Molten, Nyquill, and others that are commonly used).

Clearly it is incumbent upon the state to set down a policy or criteria to governed circumstances as such, as well as agents for the state who clearly know of these results of these commonly used item will test positive only because of the contents used in its manufacturing, and should not impose sanctions (recommitment) on individuals who clearly show proof positive that they were no using of drugs while on parole, but only tested positive from a food

2

substance they consumed.

Petitioner was wrongfully committed because of the above reasons, and should be release from the backtime given by the Board.

Respectfully submitted,

*Mr Victor Gonzalez*

Victor Gonzalez (Gonzales)
AS-1650, Drawer K
Dallas, Pa. 18612-0286

Date: *Aug 30, 1998*

Witnesses:

Rev. John Henriques, Phone No. (610) 691-8843

Rev. Kathleen A. Coughlins, Phone No. (610) 807-0101

Rev. 5/89

RULES AND REGULATIONS GOVERNING TEMPORARY HOME FURLOUGH

TO _____ Institution No. _____

    Temporary Home Furlough is to be granted to you subject to the
conditions (and special conditions) herein set forth.  It is to be accepted
by you with full knowledge that you are in the legal custody of the
Pennsylvania Department of Corrections.  The Department of Corrections has
the power at any time during your incarceration to suspend or revoke your
Pre-Release privileges in case of violation by you of any of the rules,
regulations, or conditions of your furlough. The Department of Corrections
maintains the power and has the right to conduct searches of your person at
any time.  This may include internal (body cavity) searches in accordance
with existing Department of Corrections regulations.

    It is hereby agreed that my furlough is granted subject to the
following rules, regulations and conditions.

1.  I will not consume alcoholic beverages in excessive amounts or become
    intoxicated.

2.  I will not own, possess, use, sell, distribute or have under my control
    narcotic drugs or other derivative or dangerous drugs in any form.

3.  I will not own, possess, use, sell, distribute or have under my control
    firearms or other deadly weapons.

4.  I will not leave the Commonwealth of Pennsylvania nor the area to which
    I have been furloughed as outlined by the staff. This also applies to
    residing at other than the investigated site.

5.  If at any time I abscond while on furlough or fail to return to the
    institution by the appointed date and time, I may be deemed an escapee
    and charged with escape.

6.  I will comply with all municipal, county, state and federal laws,
    ordinances and orders.

7.  I will not attempt to consult with the judge who imposed sentence or
    other officials and witnesses involved in the prosecution of my case.

8.  I will not attempt to consult with any person considered the victim of
    the crime for which I have been convicted.

9.  I will not participate in any legal or illegal gambling activities.

10. I will not consume poppy seed in any form.

11. Failure to comply with these rules and regulations may result in
    suspension or revocation of Pre-Release status.

12. Comments:

_____                    _____
      Date                                        Inmate's Signature

NOTICE OF BOARD DECISION
PBPP-15(8/96)

**COMMONWEALTH OF PENNSYLVANIA**

**PENNA. BOARD OF PROBATION AND PAROLE**

DATE: 072198

CLIENT NAME: VICTOR GONZALEZ                                    PAROLE NO: 6879P

INSTITUTION:                                                    INSTITUTION NO:
          SCI - MAHANOY                                                    AS1650

AS RECORDED ON 071098    THE BOARD OF PROBATION AND PAROLE RENDERED THE
FOLLOWING DECISION IN YOUR CASE:

- RECOMMIT TO A STATE CORRECTIONAL INSTITUTION AS A TECHNICAL PAROLE VIOLATOR T
SERVE 5 MONTHS BACKTIME FOR VIOLATION OF CONDITION #5A, USE OF DRUGS.

EVIDENCE RELIED ON: PAROLE AGENT'S TESTIMONY.
REASONS: NOT AMENABLE TO PAROLE SUPERVISION.

WHILE CONFINED, YOU MUST COMPLY WITH THE INSTITUTION'S PRESCRIPTIVE PROGRAM
REQUIREMENTS AND HAVE NO MISCONDUCTS.

REVIEW IN OR AFTER SEPTEMBER 1998.

IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRA-
TIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER. THIS REQUEST
SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR THE ALLEGA-
TIONS. SEE 37 PA CODE SEC. 73. YOU HAVE THE RIGHT TO AN ATTORNEY
IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.
DATE MAILED:

(H.R. 6/17/98 - KSC 7/21/98)                            AUG 05 1998

PAROLE VIOLATION MAX DATE: 121807

CC: ANTHONY C. BRUNEIO, ESQ
    610-820-4100.

          CLIENT COPY
VICTOR GONZALEZ          AS1650
SCI - MAHANOY
P.O. BOX 491, 301 MOREA ROAD
FRACKVILLE, PA
                    17931

                                        W. CONWAY BUSHEY
                                        BOARD SECRETARY

# EXHIBIT - 16

COMMONWEALTH of PENNSYLVANIA
**Board of Probation and Parole**

Executive Office
1101 S. Front Street, Suite 5100
Harrisburg, PA 17104-2517

VICTOR GONZALEZ, AS1650
SCI - DALLAS
P O DRAWER K
DALLAS PA 18612-0286

Re: Parole No. 6879P

Dear Mr. Gonzalez:

This is in response to your request for administrative relief received by the Board on September 2, 1998, challenging an action mailed August 5, 1998. You maintain that you tested positive for drug use because you ate some bread that contained poppy seeds which can provide a positive test for opiates, and that the two subsequent urine samples were negative. You therefore contend that you should not have been found in violation of your parole. Your agent testified that a representative of the Board approved lab, Scientific Testing, informed him that eating poppy seeds would not produce a positive sample. There was no objection to this testimony. Additionally, he stated that you had a history of amphetamine use. Questions of resolving conflicts in the evidence, evaluating witness credibility and assessing evidentiary weight are within the discretion of the Board as the fact finder. *Chapman v. Pennsylvania Board of Probation and Parole*, 484 A.2d 413 (Pa. Commw. 1984).

In view of the above, your request for administrative relief is denied.

Sincerely,

Susan M. Zeamer
Assistant Counsel

DATE MAILED: **MAY 1 4 1999**

SMZ: shw

cc: file

EXHIBIT
16

# EXHIBIT - 17

IN THE COMMONWEALTH COURT OF PENNSYLVANIA
Middle District

Docket No. _____ M.D. 2000

VICTOR GONZALES,
Plaintiff,

v.

PENNA. DEPT. OF CORRECTIONS and,
BOARD OF PROBATION & PAROLE,
Respondents.

## PETITION FOR WRIT OF MANDAMUS

### I. Statement of Jurisdiction

1. This is a petition for writ of mandamus brought in this court pursuant to the August 22, 2000 Memorandum of the Honorable Sylvia H. Rambo, J., of the United States Middle District Court that held in pertinent part that; "...it has been recognized that Pennsylvania state courts may entertain a writ of mandamus with respect to allegations of an unconstitutional denial of parole. See Rogers v. Pennsylvania Board of Probation and Parole, 724 A.2d 319, 321, n. 5 (Pa. 1999)." (See, Civ.No.1:cv-99-0469,Mem.pg.3)

2. As the following facts support, "this is not a petition for review" but instead a petition for writ of mandamus enjoining respondents, their subordinates and agents from refusing to grant plaintiff's parole for unconstitutional reasons.

3. The jurisdiction of this court over the subject matter of the instant action is invoked pursuant to 42 Pa. C.S.A. §§§761-764.

### II. Factual Allegations

4. As the following facts demonstrate, although the plaintiff has produced medical evidence from a crediable chemical labortory supporting the fact that while on parole he did not ingest a control substance in violation of respondents' rules and regulations, respondents refuse to receive said evidence as means of "correcting" a misstate in the decision to refuse plaintiff's applications for parole.

5. On April 30, 1998, the plaintiff's parole was revoked after he tested low positive following a urine analysis. (In Re: Parole No. 6879P).

— 1 —



EXHIBIT
17

6. On or about May 15, 1998, plaintiff was given permission by the hearing examiner for the Pennsylvania Board of Probation and Parole, to take a DNA test for the purpose of corroborating his allegation that the low positive register was the result of food products. (Specifically, poppy bread intake).

7. On May 28, 1998, hair samples were removed from plaintiff's head by a non-interest third party who was chosen by the Board. Therefore, the samples were sent to Clinical Laboratories Inc., which is an affiliate that was also recommended by the Pennsylvania Board of Probation and Parole.

8. On June 15, 1998, the results of the test revealed that the two (2) centimeters of hair that were tested covered the time frame that was in question and that the low positive register from the urine analysis could have only stemmed from food substances on account of the fact that only high registers come from narcotics. The DNA test reference range for each narcotics was zero.

9. Notwithstanding, on July 21, 1998, the Board still ordered the plaintiff to be recommitted to a state correctional institution as a technical parole violator to serve five (5) months backtime for violate of condition No. 5A, USE OF DRUGS.

10. At the next hearing on December 8, 1998, after plaintiff's home plan and job plan were both approved, the Pennsylvania Board of Probation and Parole determined that the mandates to protect the safety of the public and to assist in the fair administration of justice cannot be achieved through plaintiff's release on parole. Thereafter, parole was refused with one other condition that wasn't included the first time plaintiff was denied parole. It was stated that at the next interview, the Board will review and consider whether plaintiff has successfully completed a treatment program for: substance abuse and decision making.

11. On June 6, 2000 respondent, SCI-Dallas informed plaintiff that, because of the "false-positive" reading of a non-existing drug problem, plaintiff would not be recommended for parole.

### III. Reasons for granting writ of mandamus

12. Respondents reasons for refusing to grant plaintiff either a recommendation or parole under the circumstances is violative of plaintiff's right to procedural due process of law based on the fact, respondents are aware of the scientific laboratory "evidence" that verifies respondent's earlier finding that the plaintiff ingested a controlled substance was inaccurate and a "false positive" because, plaintiff in fact ingested a bread product containing poppy-seeds. Failure to acknowledge the misstate and, "false positive," deprived plaintiff of ministerial remedy to correct an obvious error of judgment. Respondent, SCI-Dallas's decision to refuse a parole recommendation after having access

- 2 -

to and, reviewing the "material evidence" proving the original misstate and "false positive" denies plaintiff of his right to procedural due process and equal protection of law.

WHEREFORE, plaintiff request this court to issue a writ of mandamus commanding respondents to perform their ministerial duty of remedying the original misstate and false positive in accordance with law.

Dated: 8/30/00

Victor Gonzales, Pro Se
Plaintiff

## IV. Verified Statement In Forma Pauperis

I, Victor Gonzales, hereby verify and declare under the penalty of perjury under Title 18 Pa. C.S. §4904 that:

1. I have brought this action in good faith.

2. I am a pauper as defined by law and cannot afford to pay the cost of proceeding in this court, nor can I afford to pay the cost of hiring counsel to represent me before this court.

3. I know of no one who I may borrow funds to proceed in this court.

4. The foregoing facts is true and correct to the best of my knowledge, information and belief.

THEREFORE, I AM REQUESTING LEAVE TO PROCEED IN FORMA PAUPERIS:

Dated: 8/30/00

Victor Gonzales, affiant

IN THE COMMONWEALTH COURT OF PENNSYLVANIA
Middle District

Docket No. _____  M.D. 2000


VICTOR GONZALES,
Plaintiff,

v.

PENNA. DEPT. OF CORRECTIONS and,
BOARD OF PROBATION & PAROLE,
Respondents.

**PROOF OF SERVICE**

I hereby certify that, on this 30th day of August, 2000 a true copy of the attached PETITION FOR WRIT OF MANDAMUS was served First Class United States Mail, prepaid postage, and addressed to:

Michael Fisher, Esquire          William Ward, Chairman
Attorney General's Office        Pa. Board of Probation & Parole
15th Fl., Strawberry Square       1101 South Front Street
Harrisburg, PA    17120           Harrisburg, PA    17104

Martin F. Horn, Secretary
Pa. Department of Corrections
P.O. Box 598
Camp Hill,      PA    17001-0598


Victor Gonzales, AS-1650
SCI-Dallas
1000 Follies Road
Dallas, PA  18612

# EXHIBIT - 18

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

VICTOR GONZALES,          :

          Petitioner      :

          v.             :

PENNSYLVANIA DEPARTMENT OF  :
CORRECTIONS AND PENNSYLVANIA  :
BOARD OF PROBATION        :
AND PAROLE,             :

          Respondents  :    No. 410 M.D. 2000

PER CURIAM            O R D E R

NOW, September 8, 2000, it appearing that petitioner seeks by way of mandamus to be paroled, and that the decision as to whether to grant parole is discretionary, see Reider v. Pennsylvania Board of Probation and Parole, 514 A.2d 967 (Pa. Cmwlth. 1986), and, therefore, not subject to mandamus in our original jurisdiction, the petition for review is dismissed.

Certified from the Record

SEP 1 1 2000

and Order Exit



EXHIBIT

18

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR GONZALES,                       :
                     Plaintiff    :
                            :    Civil Action No. 1:CV-00-2061
     v.                               :
                            :
BENJAMIN VARNER, et al.,               :
                Defendants   :

## CERTIFICATE OF SERVICE

I, **R. Douglas Sherman**, Senior Deputy Attorney General for the Commonwealth

of Pennsylvania, hereby certify that on **December 26, 2000**, I served a true and correct copy of

the foregoing **Documents in Support of Respondents Answer in Opposition to Petition for**

**Writ of Habeas Corpus**, by causing it to be deposited in the United States Mail, first-class

postage prepaid to the following:

           Victor Gonzales, AY-1650
           SCI - Dallas
           1000 Follies Road
           Dallas, PA  18612

                               **R. DOUGLAS SHERMAN**
                               **Senior Deputy Attorney General**