63948-4657

# ORIGINAL

(4)
1-9-01
8c

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR GONZALES,<br>　　　　Petitioner, | : | CIVIL ACTION |
| v. | : | No.1:CV-00-2061 |
| BEN VARNER, et al.,<br>　　　　Respondents. | : | |

FILED
HARRISBURG
JAN 8 - 2001
J. Rambo ✓   MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

## MOTION FOR LEAVE TO FILE TRAVERSE TO COMMONWEALTH'S FALSE RETURN

**COMES NOW**, Victor Gonzales, the Pro Se Petitioner of the above-captioned matter, and respectfully moves this court for leave to file the following traverse to the Commonwealth's false return to his petition for writ of habeas corpus. Under the circumstances, set forth below, because the Commonwealth's answer to the instant petition contains both erroneous, false and misleading facts and, conclusions of law, a traverse is appropriate pursuant to Rule 5, 28 U.S.C. §2254. See, E.g., Advisory Committee Notes for Rule 5, Citing Stewart v. Overholser, 186 F.2d 339 (D.C. Cir. 1950). And, in support of this motion, petitioner respectfully represents the following:

1. Petitioner filed a civil action complaint to this court's jurisdiction under 28 U.S.C. §2241, alleging entitlement to relief in the grounds that, although the petitioner has produced credible, reliable and truthful evidence, upon Respondent, the Pennsylvania Board of Probable and Parole's (PBPP) consent and approval, from a Chemical Laboratory supporting the fact that, while on parole petitioner did not ingest a control substance, and therefore, the

1

*63948-4657*

PBPP's finding he violated the Board's rules and regulations constituted a "false positive" urinalysis. And, the decision to violate petitioner's parole violated his right to due process of law and equal protection of law.

2. Subsequently, this court issued order directing respondents to file a full and detailed answer to petitioner's habeas corpus allegations pursuant to Rule 5, 28 U.S.C. §2254.

3. On December 26, 2000 Respondents, through Counsel, R. Douglas Sherman, Senior Deputy Attorney General filed under the above-captioned docket; (a) Answer to Petition for Writ of Habeas Corpus; (b) Memorandum In Opposition to Petition for Writ of Habeas Corpus and, (c) Documents In Support of Respondents Answer In Opposition to Petition for Writ of Habeas Corpus.

4. This court must reject respondents answer because, respondents answers are false and misleading. Respondents erroneously state that:

(i) Gonzales has not exhausted state court remedies and, therefore is not entitled to bring this action for habeas corpus relief. See, Respondents' Memorandum at pages 3-4.

In support of this contention, respondent states:

> To the extent Gonzales really is challenging the reason for the revocation, he could have presented his claims to the Pennsylvania Commonwealth Court through an appeal of the denial of administrative relief and then to the Supreme Court but elected not to do so. He therefore, is not entitled to present his current petition for habeas corpus relief to this Court. To the extent Gonzales did attempt to present his claim based upon the subsequent denial of parole to the Commonwealth Court through a writ of mandamus, he did not appeal that court's decision to the Supreme Court and, therefore, likewise is enable to maintain this action.

63948-4657

While respondent attaches a copy of petitioner's September 5, 2000 Petition for Writ of Mandamus, they however, neglect to present the numerous correspondence petitioner has had with the respondents concerning remedying a knowingly "false positive" urine analysis. Were respondents forthcoming in presenting these correspondence it would have shown this court that, respondent refused to grant petitioner administrative relief, after each negative decision refusing petitioner parole.

Another matter respondents fail to address is, although petitioner's mandamus action was brought to the Commonwealth Court under <u>Roger v. PBPP</u>, 724 A.2d 319, 321, n.5 (Pa. 1999), the Commonwealth Court deliberately side-stepped petitioner's grounds for relief and, dismissed the mandamus under <u>Reider v. PBPP</u>, 514 A.2d 967 (Pa. Cmwlth. 1986), which is inapposite and contrary to petitioner's cause of action.

Insofar as the contention that petition failed to appeal the order dismissing the mandamus to the Supreme Court, respondents are concealing the administrative and judicial conspiracy afoot in Pennsylvania against granting state prisoners any remedies in either the Commonwealth Court and the Supreme Court of Pennsylvania relating to unconstitutional parole policies, practices and procedures. This Court needs only consult the Third Circuit Court of Appeals about the inordinate delay in the Pennsylvania Supreme Court's deciding <u>Coady v. Vaughn</u>, C.A. No. 98-1311; remanded to the Pennsylvania Supreme Court in January, 1999 with a mandate that the Supreme Court proscribe a remedy for situations like this petitioner's, within six months. Notwithstanding, the Supreme Court has refused to do so in <u>Coady v. Vaughn</u>, supra as well as a total

63948-4657

of over one hundred similarly situated cases filed in that court over the years challenging erroneous decisions rendered by respondents.

Therefore, this Court should defer deciding this case and afford petitioner an evidentiary hearing allowing him an opportunity through counsel to present records supporting the above stated facts.

(ii) Respondents also contends that: The denial of parole cannot violate the Constitution because Gonzales has no constitutionally protected interest in or right to release on parole.

Here, respondents are being deliberately invasive. While petitioner is aware of the fact that he has no constitutional right to parole, and respondents are well aware of the fact that petitioner is not claiming he has such a right. What respondents are trying to distract this court from doing is, evaluating petitioner's habeas complaints based on the actual grounds set forth in his habeas pleading. For example, what respondents don't want this court to see is, on pages 2-4. Petitioner is challenging the unconstitutional reasons for revoking and refusing to grant him parole. In Block v. Potter, 631 F.2d 233 (3rd Cir. 1980), the Third Circuit held simply that, while a prisoners does not necessary have an independent liberty interest in parole, "once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." Id, 631 F.2d at 236. See, also Burkett v. Love, 89 F.3d 135 (3d Cir. 1996).

Revoking his parole and refusing his parole based on a knowingly "false positive" urine analysis amounts to a denial of parole for

4

*63948-4657*

unconstitutional reasons.

WHEREFORE, for the foregoing reasons this court should reject respondents suggestion to dismiss this case without a hearing, and, instead, appoint counsel, allow counsel an opportunity to secure documents supporting petitioner's statements set forth herein, and, conduct an evidentiary hearing on the claims raised.

Dated: January 4th 2000

Respectfully submitted,

MR. Victor Gonzales

Victor Gonzales,
Pro Se Petitioner

63948-4657

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR GONZALES,                    :         CIVIL ACTION
            Petitioner,             :
                                    :
        v.                          :         No.1:CV-00-2061
                                    :
BEN VARNER, et al.,                 :
            Respondents.            :

### CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January, 2001, a true copy of the attached MOTION was duly served via First Class United States Mail, prepaid postage, and addressed to:

> R. Douglas Sherman, Esquire
> Senior Deputy Attorney General
> Office of the Attorney General
> 15th Floor, Strawberry Square
> Litigation Section
> Harrisburg,   PA    17120

> Victor Conzales, AS-1650
> Sci-Dallas
> 1000 Follies Road
> Dallas,   PA    18612

6