⑨
5-29-01
MA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VICTOR GONZALES,         :     CIVIL ACTION NO. 1:CV-00-2061
                      :
       Petitioner     :
                      :
    v.              :
                      :
BENJAMIN VARNER, et al.,    :    (Judge Rambo) **FILED**
                      :            HARRISBURG, PA
      Respondents    :

MAY 2 9 2001

MEMORANDUM

MARY E. D'ANDREA, CLERK
Per _____
         Deputy Clerk

Background

Victor Gonzales filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. §2241 on November 24, 2000.  At the time he

filed the petition, he was confined at the State Correctional

Institution at Dallas, Pennsylvania (SCI-Dallas).  Along with his

petition, Gonzales submitted the requisite five ($5.00) dollar

filing fee for this action.  Named as respondents in the petition

are Ben Varner, Superintendent of SCI-Dallas, and the Pennsylvania

Board of Probation and Parole.

On April 30, 1998, Petitioner was charged by his parole

officer of submitting a urine sample that tested positive for a

controlled substance.  (Doc. No. 1, p. 2).  Gonzales was found in

violation of condition #5A, use of drugs, of his parole.  Id. at 3.

Petitioner had a hair sample test done on May 28, 1998.  Id.  The

hair sample/DNA test showed negative results for drugs.  <u>Id.</u>

Petitioner was provided a hearing on the parole revocation on June 17, 1998.  (Doc. No. 4, p. 1).  Gonzales was represented by counsel and agreed to have the hearing held by a hearing examiner. (<u>Id.</u> at 2.)  The hearing examiner found a technical violation of parole and the Board recommitted Gonzales to a State Correctional Institution.  (<u>Id.</u>)  Since his revocation, Gonzales has been reviewed for parole and denied parole three times. (<u>Id.</u>)  On or about September 5, 2000, Gonzales filed a writ of mandamus to the Pennsylvania Commonwealth Court seeking injunctive relief directing that Gonzales be paroled from custody. (<u>Id.</u> at 3).  The Commonwealth Court denied the petition in an order dated September 8, 2000, on the bases that the decision to parole is discretionary and not subject to mandamus. (<u>Id.</u>)  Gonzales did not appeal the Commonwealth Court's decision.

In the instant petition, Gonzales is not challenging his revocation, but instead Petitioner is contending that the Board is relying on erroneous information (the first drug test) in denying him re-parole.

Respondent asserts the petition should be denied on two grounds.  First, Respondent contends that Gonzales failed to

exhaust his state remedies because he did not appeal the September 8, 2000, decision of the Commonwealth Court. (<u>Id.</u>)  Second, respondent argues that Gonzales's claim does not state a basis for habeas relief. (<u>Id.</u> at 4).  Varner contends that Petitioner has no constitutionally-based right to parole under the United States Constitution.  The matter is ripe for consideration.  For the reasons that follow, the petition will be denied.

## Discussion

### Exhaustion

It is well-settled that a state prisoner must present his federal constitutional issues to the highest court of the state before he can present the issues through federal habeas corpus. 28 U.S.C. § 2254(b),(c);  <u>Rose v. Lundy</u>, 455 U.S. 509, 515-20 (1982); <u>Doctor v. Walters</u>, 96 F.3d 675 (3d Cir. 1996);  <u>Toulson v. Beyer</u>, 987 F. 2d 984, 986 (3d Cir. 1993). "Unless it would be patently futile to do so [state prisoners] must seek relief in state court before filing a federal habeas petition . . . ." <u>Santana v. Fenton</u>, 685 F.2d 71, 77 (3d Cir. 1982).

The exhaustion requirement "rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of

3

prisoners' rights without disruption from the federal courts."

Hankins v. Fulcomer, 941 F.2d 246, 249 (3d Cir. 1991).  The only

exceptions to the exhaustion requirement are when: (1) the state

corrective process is so deficient as to render any effort to

obtain relief futile, Id.; (2) acts of state officials have, in

effect, made state remedies unavailable to the petitioner, Mayberry

v. Petsock, 821 F. 2d 179, 184 (3d Cir.); and (3) "inordinate

delay" in state proceedings have rendered state remedies

ineffective, Schandelmeier v. Cunningham, 819 F.2d 52, 55 (3d Cir.

1986), cert. denied, 480 U.S. 938 (1987).

A habeas corpus petitioner bears the burden of demonstrating

that he or she has satisfied the exhaustion requirement. Gonce v.

Redman, 780 F.2d 333, 335-36 (3d Cir. 1985). Moreover, exhaustion

is not satisfied unless the highest state court, here the Supreme

Court of Pennsylvania, has been presented with the substance of the

petitioner's federal claims.

While the Pennsylvania courts have held that there is no

right to judicial review of a parole decision stemming from the

review of the prisoner's pertinent records and history and where a

reasonable explanation was given for a refusal to parole,

nevertheless the Pennsylvania courts recognize that a parole

4

decision may be reviewed in the narrow context of whether constitutional rights have been violated and that the proper form of action for such review would be a writ of mandamus or through an action under 42 U.S.C. § 1983. <u>Rogers v. Pennsylvania Board of Probation and Parole</u>, 724 A.2d 319, 323 (Pa. 1999); <u>Myers v. Ridge</u>, 712 A.2d 791, 794 (Pa.Cmwlth. 1998) ("It is for the Board alone to determine whether or not a prisoner is sufficiently rehabilitated to serve the remainder of his sentence outside the confines of prison.  As a result, decisions to grant or deny parole are generally not appealable except to the extent that a constitutional or statutory violation has occurred.")

In his petition, Gonzales states that he filed a writ of mandamus with the Commonwealth Court of Pennsylvania.  Petitioner provides no additional evidence as to appealing the decision of the Commonwealth Court.  Gonzales did not pursue all of his available state remedies.  Gonzales also fails to provide evidence that any of the above exceptions are applicable. Thus, the petition will be dismissed for failure to exhaust state remedies.

**Due Process**

Even if, <u>arguendo</u>, Gonzales had exhausted his state remedies, his petition would be denied because his claims do not

5

state a basis for habeas relief.  It is well-settled that "there is
no constitutional or inherent right of a convicted person to be
conditionally released before the expiration of a valid sentence."
Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442
U.S. 1, 7 (1979).  Furthermore, the Pennsylvania parole statute
does not create a liberty interest in the right to be paroled.
Rodgers v. Parole Agent SCI-Frackville, Wech, 916 F. Supp. 474,
476-77 (E.D. Pa. 1996); McCrery v. Mark, 823 F. Supp. 288, 294
(E.D. Pa. 1993); Wright v. Cuyler, 517 F. Supp. 637 (E.D. Pa.
1981).

     In Morrissey v. Brewer, 408 U.S. 471, 489, (1972),the United
States Supreme Court recognized that a federal court should not
upset a decision of a state parole board unless the determination
is based on constitutionally impermissible reasons such as race,
religion or ethnicity or rendered in the absence of due process
protections  Id. at 488-89.  Similarly, the Third Circuit Court of
Appeals in Block v. Potter, 631 F.2d 233, 235 (3d Cir. 1980) ruled
that a federal court's review of a state parole board decision is
limited to an abuse of discretion inquiry.  Specifically, relief is
only available if: (1) an applicant was arbitrarily denied parole
on the basis of impermissible reasons such as race, religion, or

political beliefs, and/or (2) the parole board failed to apply appropriate, rational criteria in reaching its determination. Id. at 236. Gonzales fails to provide any evidence to demonstrate that the Board denied his parole based on impermissible reasons or that it failed to apply appropriate, rational criteria in reaching its determination. Therefore, Gonzales's petition is also denied for failure to state a basis for habeas relief. An appropriate order is attached.

SYLVIA H. RAMBO
United States District Judge

Dated: May 29, 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

May 29, 2001

Re:  1:00-cv-02061   Gonzales v. Varner

True and correct copies of the attached were mailed by the clerk
to the following:

        Victor Gonzales
        SCI-D
        SCI at Dallas
        AS-1650
        Drawer K - Follies Rd.
        Dallas, PA  18612-0286

        R. Douglas Sherman, Esq.
        Office of Attorney General
        15th Floor
        Strawberry Square
        Harrisburg, PA  17120

cc:
Judge                        (X )           (X ) Pro Se Law Clerk
Magistrate Judge             (  )           (  ) INS
U.S. Marshal                 (  )           (  ) Jury Clerk
Probation                    (  )
U.S. Attorney                (  )
Atty. for Deft.              (  )
Defendant                    (  )
Warden                       (  )
Bureau of Prisons            (  )
Ct Reporter                  (  )
Ctroom Deputy                (  )
Orig-Security                (X )
Federal Public Defender      (  )
Summons Issued               (  )  with N/C attached to complt. and served by:
                                    U.S. Marshal (  )     Pltf's Attorney (  )

Standard Order 93-5          (  )
Order to Show Cause          (  )  with Petition attached & mailed certified mail
                                    to:  US Atty Gen  (  )   PA Atty Gen (  )
                                         DA of County (  )   Respondents (  )

Bankruptcy Court             (  )
Other_____       (  )

                                            MARY E. D'ANDREA, Clerk

DATE: May 29th, 2001                    BY: _____
                                             Deputy Clerk