OFFICE OF THE CLERK

**MARCIA M. WALDRON**
CLERK

# United States Court of Appeals
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA 19106-1790

TELEPHONE
215-597-2995

_Harrisburg_ Clerk of District Court    Date _2-14-02_
(District)

_Gonzales vs. Varner, et al_    No. _01-2515_
(Caption)

_Victor Gonzales_
(Appellant)

RECEIVED
HARRISBURG, PA
FEB 20 2002
MARY E. D'ANDREA, CLERK
Per _____

_00-CV-2061_
(D.C. No.)

Enclosures:

_2-14-02_ Certified copy of C. of A. Order by the Court/Clerk
(Date)

* _✓_ Record

* _____ Supplemental Record (First) (Second) (Third)

* _____ Exhibits

* _____ State Court Record

_____ Copy of this form to acknowledge receipt and return to C. of A.

_____ Record not returned at this time until appeal(s) closed at No.(s)_____

_____ Please forward Record to this office.

_____ The certified copy of order issued as the mandate on_____ is recalled.

_Carolyn Hicks_ (267)-299-_4926_
Deputy Clerk    Telephone Number

* _____ (267)-299-_____
Record Processor    Telephone Number

Receipt Acknowledge:
_acknd_
(Name)
_2/20/02_
(Date)

Rev. 3/13/00
Appeals (Record)

DPS-46 November 30, 2001

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **01-2515**

VICTOR GONZALES

VS.

BENJAMIN VARNER, ET AL.

(M.D. PA. CIV. NO. 00-CV-02061)

Present:   NYGAARD, ROTH and BARRY, CIRCUIT JUDGES

Submitted is appellant's request for a certificate of appealability under 28 U.S.C. § 2253(c)(1);

in the above-captioned case.

Respectfully,

Clerk

MMW/EAW/zm

_____ORDER_____

The Petitioner filed his habeas petition pursuant to 28 U.S.C. § 2241. Because a state prisoner's habeas corpus petition challenging a parole denial is properly brought pursuant to 28 U.S.C. § 2254, a certificate of appealability is necessary to allow the appeal from the denial of such petition to proceed. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); 28 U.S.C. § 2253(c). Treating Petitioner's petition as one brought pursuant to 28 U.S.C. § 2254, we deny his request for certificate of appealability.

To obtain a certificate of appealability, Petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473 (2000). In his habeas petition, Petitioner contends, inter alia, that the parole board's decision to deny him release on parole on three separate occasions deprived him of due process because the parole board continued to rely on the nature of appellant's technical parole violation and on false or erroneous evidence of positive drug testing. We agree with the District Court's determination that Petitioner's claim is without merit. The claim fails because "federal courts are not authorized ... to second-guess parole boards

and the requirements of substantive due process are met if there is *some basis* for the challenged decision." Coady, 251 F.3d at 487 (emphasis added). There existed "some basis" for the parole board's denial insofar as it apparently rested on, *inter alia*, the board's determination that he needed to successfully complete a treatment program for substance abuse and decision making, the unfavorable recommendation from the Department of Corrections and, the absence of a clear conduct record. Additionally, Petitioner's allegations do not suggest that the parole board relied on constitutionally impermissible criteria or on considerations unrelated to the issues before it in denying re-release on parole. See id.; Block v. Potter, 631 F.2d 233, 236-37 and 241 (3d Cir. 1980).

Petitioner's second claim, that the board's original decision revoking parole ignored the DNA Clinical Laboratories Inc. scientific findings offered by the Petitioner as evidence at his hearing, also lacks merit. This claim does not rise to the level of a due process violation since it challenges the weight of the evidence, not its sufficiency. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Due Process does not require "[s]crutiny of the reasoning process actually used by the factfinder." Id.

We decline to consider Petitioner's claim raised for the first time in his request for certificate of appealability, alleging failure to warn of the adverse effects of the ingestion of poppy seeds on drug test results. This claim was not presented to the District Court in the first instance and is not properly before this Court.

Accordingly, we conclude that Petitioner has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. §§ 2253(c)(2) and 2254(b)(2); Lambert v. Blackwell, 134 F.3d 506 (3d Cir. 1997).

By the Court,

/s/ *[signature]*
Circuit Judge

Dated: FEB 1 4 2002

ch/cc: VG
RDS

A True Copy:

*[signature]*
Marcia M. Waldron,
Clerk

2